Our fourth case this morning is United States v. Collins. Ms. Gambino. Good morning. Good morning, Chief Judge Sykes, Judge Ripple, and Judge Kirsch. Good morning. The heart of our question is whether the district court erred in interpreting the wiretap statutes such that he denied Mr. Collins' motion to suppress evidence and that this violated Mr. Collins' Fourth and Fifth Amendment rights under the Constitution. There are two critical issues underneath the question of statutory interpretation. And the first one is what is meant by immediately. The government is required to seal wiretap evidence immediately upon the completion either of the 30 days they have for the wiretapping or as soon after that as they are able to do so. And this court has interpreted it immediately fairly stringently within the meaning of, within the congressional intent that was set out by United States v. Giordano in the Supreme Court. The district court in this case took it much farther afield than this court has taken it with respect to the meaning of immediately by saying that at least with respect to the second round of wiretaps where the sealing didn't happen for a total of three years until after the fact, that he wouldn't consider the three years but rather would consider the fact that since the subsequent wiretaps happened within three or four days of the one at issue, that that was within the meaning of immediately. And it's our position that such an interpretation is basically the exception that swallows the rule. Are you saying that three days is not immediate or are you saying that fruit of the poisonous tree doesn't matter? I'm saying that in this particular case it wasn't a question of three days, it was a question of three years. But that's only if we reject fruit of the poisonous tree here, right? That's correct, but it's not exactly fruit. There's a statutory fruit of the poisonous tree because basically the statute provides that no part of the contents of any wire or communication and no evidence derived therefrom may be received at certain proceedings including trials of disclosure of that information would be in violation of this chapter. And then 2518 provides the three different grounds that the court can consider. The only one that's relevant in our case is ground three. That would be 2518.10a.3. The interception was not made in conformity with the order of the authorization or approval. So basically the statute also provides the fruit of the poisonous tree. And by interpreting immediately without considering what actually happened in the case, the district court made it possible for anything to be considered immediate, irrespective of the actual time during which the sealing did not take place. And there's been no case law that I've been able to find in which a three-year period of time could possibly be considered immediately. In fact, this court has found that even 10 days is not to be considered immediately. So I think that the district court basically was at odds with the meaning and the purpose of the statute and the Supreme Court and this court's interpretation of it. For instance, in the United States v. Martin, there were the second issue goes to how do you establish this? And the second problem in Mr. Collins' case was the district court refused to give a hearing with respect to the offering of a reasonable explanation for why the evidence was not sealed. Everybody was in agreement that there was not a proper sealing for each of the two sets of recordings at issue. And so then the question becomes, is there a reasonable explanation? There was no hearing held to determine that. No affidavits were submitted in support of that. The court based its decision that the reasonable explanation had been provided on the statements of the government and its filings. This also is contrary to past history. In Martin, there were two hearings held, not only on the reasonableness of the explanation, but the derivative use of the information, as well as affidavits submitted by the agent who was responsible for the failure to seal. Similarly, in Coney v. Jackson, affidavits were submitted by the United States attorneys involved, attesting to With respect to the second motion to suppress, did the defendant ever request a hearing? Yes. He requested a hearing through his filings on both. In this court, in reviewing Coney v. Jackson, looked at the affidavits that were submitted by the United States attorneys, explaining the reasons for the failure to seal. In the Jackson case, for instance, the reasoning provided was rejected by the court because it was simply based on the U.S. attorney's belief that 30 days was reasonable. This is really, just to get the framework here, it's really a use violation that the fight is about because the government voluntarily suppressed and agreed not to use the unsealed evidence. I guess it's phone 5 and certain portions of phone 9, right?  We're talking about the prerequisites to use of the unsealed evidence to obtain other wiretap orders. That's correct. And whether those other wiretap orders were derivative of the unsealed evidence here. And there was an alternative ruling that the government had offered a satisfactory explanation for the mistake that would cure the violation, right? Well, that's the problem, Judge. They did offer a satisfactory explanation in their filings, but they did not do it in the form of evidence. And in every other case that I have examined, the government has offered evidence. And the reason, of course, is that the defense can't offer the government's explanation. It's their burden to provide it. And we are not able to challenge it unless there's some evidentiary hearing in which we can. No, understood as a general proposition, but in this specific case, what purpose would an evidentiary hearing serve when the explanation was, with respect to phone 5, the government sealed phone 6 in duplicate rather than 5 and 6? So there's really no – I don't know if there's a factual challenge to that that could be explored in an evidentiary hearing or what would be asked to undermine that explanation. And then with respect to phone 9, it was a delay that was accounted for by the technician, assuming that the full 30-day wiretap period was intact when, in fact, it had been cut short. And so I don't know what would be asked at an evidentiary hearing to undermine that explanation. Well, the satisfactory explanation, Judge, sort of runs hand-in-hand with the derivative use. And so, for instance, with respect to the failure to seal disk 5 altogether, they did provide this explanation that they filed to disk 6 instead of disk 5 and disk 6, but we have no idea what happened with the other disk 5, whether some other use was put to it, whether it was misplaced or not made, who did it, whether it was the police or later when the federal government came in and took over the investigation, whether it occurred with respect to them. There's just simply not enough information to address the whole purpose of the failure to seal, which is we want to make sure that there's been no possibility of tampering, and we want to make sure that there's been no derivative use of the information that would not be permissible based on the failure to seal. So I would say that the explanation was brief and incomplete because it didn't answer the critical questions which are left open. Was there a possibility of tampering? There certainly appeared to have been one since there was a three-year period during which disk 5 was not sealed. And secondly, did they put it to derivative use, which at least in part they conceded that they did, and whether this was permissible. But that was within this three-day period, correct? Well, we don't know if that's the extent of it or not without having an evidentiary hearing about what happened precisely other than the fact that these two disks were sealed in place of the other. Okay. I'll give you some more time and rebuttal. This was not a 10-minute argument. Okay. Thank you, Judge. And, yes, and we would ask that you reverse. Thank you. Mr. Edenfield. May it please the Court. Scott Edenfield on behalf of the United States. We would ask the Court to affirm the district court's denial of both of the defendant's motion to suppress the wiretaps. The district court did not commit clear error when it determined that there was a satisfactory explanation for the untimely sealings. It also did not commit clear error when it determined that later wiretaps were not derived from the wiretaps that the government self-suppressed, and that with respect to Target Phone 8, that it was obtained within that three-day period the Court was referencing a moment ago. Before I kind of get into the merits, I want to respond to a couple of things that the counsel said a moment ago. First, the idea that, you know, we didn't know what the use of Target Phone 5 was. Well, we did because it's set forth in the wiretap affidavits themselves, because how Target Phone 5 could have possibly been used is to obtain additional wiretaps, and those wiretap affidavits were available, had been disclosed in discovery. So those wiretap affidavits were the vehicle through which the defense could have challenged how these recordings were derived. And that's, in fact, the argument the government made below and that the district court also accepted and included in its ruling was that there was no derivative use as to the later phones with the exception of Target Phone 8 of the wiretaps that were untimely sealed. So the idea that we don't know what the derivative use was, I think, is incorrect. Second, I don't think that the court, the district court, found what counsel suggested, that immediate means up to three years. Everyone acknowledged that there was not an immediate sealing here, and what the district court was engaged in and looking at was, was there a derivative use? Was there a satisfactory explanation? And then with respect to Target Phone 8, was the information from Target Phone 5 used in a timely manner before a sealing obligation arose? And I think for all of those reasons, the district court was correct in its conclusions. So as the court pointed out, that the tapes that were actually late sealed, the Target Phone portion of Target Phone 9 and the entirety of Target Phone 5, the government self-suppressed those. So the district court was correct when it concluded that the motion was moot as to those. And then as to the later recordings, the district court didn't commit clear error in finding a satisfactory explanation for those. The explanations were natural, and what this court has said is you look to the logical, whether those explanations are logical, whether they are plausible, and they certainly are here. The explanation for Target Phone 5, duplicate of Target Phone 6 sealed, and Target Phone 9, that overlap the court discussed a few minutes ago where there was a nine-day period that was, that the technician believed had been sealed but had in fact not been sealed. On the issue of whether the court abused its discretion by denying an evidentiary hearing and not holding one, first off, I think it's not necessary because of the alternative bases that the district court found in its holding. First off, it found that there was not a derivative use for most of the phones, and then it found as respect to Target Phone 8 that the information from Target Phone 5 was used within a short period of time. It also wasn't necessary because the defense never raised a disputed issue of material fact that would have gone to a need for an evidentiary hearing. I would also note that I don't think this court's prior cases indicate that there has to be an affidavit or a hearing. Certainly there were in some cases. There's no indication in Plesha as whether there was or not. In Jackson, this court found a reason that was not given in an affidavit as a satisfactory explanation. So for all those reasons, Your Honor, we would ask the court to affirm the denial of suppression motions by the district court. Is the proper frame of reference the time frame between the expiration of the wiretap period and the ultimate sealing that occurs belatedly, or is it between the expiration of the wiretap period and when the challenged use of that evidence occurs? I think it depends on the question, Your Honor. If the question is, was there an immediate sealing, then the appropriate time frame is from when it should have been sealed to when it actually was sealed. So when we're talking about Target Phone 5, the answer to that is that three-year period. Well, all these rules, both in 2518 and 2517, are key to subsequent use, right? They're all prerequisites on the use or disclosure of the evidence that's captured on the wiretap. Yes, Your Honor. The 2518 is about use of the— It's not just sealing for sealing's sake. It's sealing for purposes of preserving the integrity of the tape— That's correct, Your Honor. —for potential use, either in another investigative measure or at trial. That's correct. In 2518, and again, the satisfactory explanation goes to, is this tape reliable? Has there potentially been an alteration here? And I think what the Second Circuit said and Donlan and Fury and what the district court here adopted is that where there is a period of time, the 2518 doesn't essentially trump and completely wipe out 2517. 2517 allows for use by law enforcement in the course of their duties. Materials intercepted through the wiretap. And what the court and Fury found is that an appropriate use of that was to apply for another wiretap. And in that case, we had an even longer lapse of time. It was 10 days between when the first wiretap went down and when the application for the second wiretap went in. And it's our position that that is an appropriate use, as the district court found, that that is an appropriate use of materials. And that, if we're talking about should— And this is, again, on a derivative use. We're not talking about, because the government self-suppressed on Target Phone 5, whether that should be used. If there are no other questions, we would ask the court to affirm the opinion of the district court on the denial of the motions to suppress. All right. Thank you. Ms. Gambino, you may have two additional minutes to rebut. Thank you. I would suggest, Your Honor, that the statute is very clear about, especially when you go back to 2515, where it says that no part of the contents can be used if disclosure would be in violation of this chapter. And the 251810A3 provision, that interception was not made in conformity with the order of authorization or approval, is clearly what happened here. And the factors for determining reasonability include the believability of the explanation, the length of the delay, which here is taken out of—is extraordinary, really, the nature of the crime, the notoriety of the defendant, and the importance of the recordings. And the importance of the recordings in this particular case were critical, because there was very little other evidence with respect to Mr. Collins' involvement in the charged offense without the recordings. With respect to the alternative bases, you can't simply ignore the statute. And what the statute says is if you violate this chapter, then you can't use the contents. And that's exactly what happened here. There were issues of material fact over how and whether DISC-5 was used, because the government alleged in its complaint that that was the basis for identifying Mr. Collins' voice and for proceeding with the wiretaps on phones 8, 9, and 12. Isn't the government's argument, though, if the statute was violated, that it was not violated at the time they used the information with respect to Target Phone 5? That's what their argument is, but it's incorrect, because they're looking at the wrong period of time, and they're ignoring the statute and the Supreme Court's— But that would mean that we would have to go back, I think, just play this out. And you'd have any evidence that was tied to anything that happened on Target Phone 5, anything, would have to be suppressed, not just the calls themselves, right? Because they can't use any evidence from Target Phone 5 to obtain any derivative evidence. That's correct. So the whole case would basically be over by their failure to seal, absent some good reason. That's correct. And that's why it's very important to determine what the reason is and whether that reason can stand up and whether it is actually reasonable. So in this particular case, we didn't have a hearing to establish any of those things, and there were disputed issues of material fact as to what happened and how it was used that would have borne on that decision. So would the proper remedy here, if we were to reverse, would be to remand for a hearing? That would be—yes, that would be the proper remedy in the first instance. My first remedy would be to reverse and dismiss the case. But a proper remedy to lay out the record in a better form would be to reverse and have the district court hold the hearings. Thank you. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement.